UNITED STATES *v.* ELINE'S, INC. (No. 3521)[1]

[1] T. D. 45680.

United States Court of Customs and Patent Appeals, May 2, 1932

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, and *Ralph Folks*, special attorneys, of counsel), for the United States.
*James R. Ryan* for appellee.

[Oral argument April 12, 1932, by Mr. Folks and Mr. Ryan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal by the United States is from the decision and judgment of the United States Customs Court granting appellee's petition for remission of additional duties imposed by the collector at the port of Milwaukee, Wis., by reason of the undervaluation by appellee, importer of certain merchandise known as vanillin, which duties were levied under the requirements of section 489 of the Tariff Act of 1922.

Remission of such duties was authorized by said section 489, a material portion of which section is as follows:

SEC. 489. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

The importer, after considerable correspondence with the foreign seller, ordered 100 pounds of vanilline or vanillin. Certain correspondence between the parties, introduced into the record, would indicate that appellee thought it was ordering vanilline or vanillin made from oil of cloves, which was admittedly dutiable at 45 per centum ad valorem. One of the letters from the foreign shipper received by appellee before entry was made contained the following information:

Inclosed we hand you further invoice for vanilline 100 per cent chemically pure guaranteed made from oil of cloves.

The correspondence, we think, fairly shows that at the time the entry was made the entrant believed that the merchandise was made from oil of cloves and was dutiable at the rate entered. The appellee had no reason to believe otherwise and had no opportunity to have the merchandise analyzed. Upon analysis by the customs officials, the same proved to be vanillin made from coal tar and was dutiable at the American selling price under paragraph 28 of said

tariff act at the rate of 45 per centum ad valorem and 7 cents per pound. Additional duties were assessed at 75 per centum of the appraised value, which additional duties amounted to $573.75.

The merchandise involved here was the first purchase by appellee from the foreign seller. Everything in this record is in harmony with the theory that appellee acted in good faith in making its entry, and its proof, we think, complies with the requirements of the statute and entitled it to a remission of such duties. The court below correctly granted the petition for remission.

The judgment of the United States Customs Court is *affirmed.*